UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| POUCH RUACH,<br><br>    Plaintiff,<br><br>v.<br><br>SHAFFER PAUL, ARIC HANSEN,<br>J.D. COOLIDGE, HEATHER PICKETT,<br>HEATHER STARRY, REINHART ROGER,<br>KATOR DAVID, ANDERSON KRISTIN,<br>TRAVIS LINDSTORM, BRAIN<br>MCDONOUGH, ANNE HERST, NATHAN<br>BOWEDDER, CHRIS HANSEN, LISA K.<br>NEYSSEN JAMI, and PIXOMATIS,<br><br>    Defendants. | Civil No. 13-1260 (PAM/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This matter is presently before the Court for the purpose of determining whether plaintiff has complied with the requirements of the Court's last previous order dated July 24, 2013. (Docket No. 9.) That order required plaintiff to submit a completed U.S. Marshal Service Form, (USM-285), for each named defendant in this case, in order to facilitate service of process on defendants. The order expressly informed plaintiff that if he did not file the required marshal service forms within 30 days, i.e., by August 23, 2013, he would be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed for lack of prosecution.

The deadline for complying with the Court's last order has now expired, and plaintiff has not yet submitted the required marshal service forms. The record shows that the Clerk of Court mailed blank marshal service forms to plaintiff at his last known address, but he has failed to complete and return the forms. Plaintiff has not offered any excuse or

explanation for his failure to submit the required forms, and, in fact, he has not communicated with the Court at all for more than two months.[1]

Therefore, based on the express warning regarding the consequences that would follow if plaintiff failed to comply with the Court's last order, it is now recommended that plaintiff be deemed to have abandoned this action, and that the action be dismissed, without prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

---

[1] Based on information from another case that Plaintiff filed in this District, the Court has reason to believe that Plaintiff has been deported from the United States. However, Plaintiff has not informed the Court of his current whereabouts, and the Court has no effective means of communicating with him. Plaintiff's recent lack of communication re-enforces the Court's determination that he has abandoned this action.

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 29, 2013

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 12, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.